IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIAN E. ROCHESTER,<br>    #296699303,<br>        PLAINTIFF, | §<br>§<br>§<br>§ | |
| V. | § | CIVIL NO. 3:22-CV-1685-M-BK |
| GT FINANCIAL, ET AL.,<br>        DEFENDANTS. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** *sua sponte*.

**I.   BACKGROUND**

Plaintiff Julian E Rochester, an inmate in the South Carolina Department of Correction ("SCDC"), filed a pleading titled *28-2241 Writ, filed by a Dad to Get his Moneys [sic] Back, Protected by Due Process, of the 5th and 14th Amendments*. Doc. 3 at 1. He lists as Defendants GT Financial, SCDC E H Cooper Account, SCDC Director B. Stirling, South Carolina Governor H. D. McMaster, and Perry Correctional Institution Warden Williams. Doc. 3. Rochester's pleading is difficult to decipher and largely nonsensical. Nevertheless, the Court gleans that he complains about the withdrawal of funds from his prison account, possibly for court filing fee payments, and requests that the money be "paid back with interests [sic]." Doc. 3 at 2-5 (listing

incidents where SCDC withdrew funds form his prison account); Doc. 3 at 5 (requesting that funds be reimbursed).

Rochester has a long and abusive filing history. The *PACER Case Locator* ("PACER") reflects that he has filed about 400 prisoner cases nationwide and accrued three strikes under 28 U.S.C. § 1915(g). In addition, he has been under filing restrictions in the District of South Carolina since January 29, 1996. *See Rochester v. U.S. Marshals*, 6:22-CV-01421-RBH (D.S.C. June 3, 2022) (order of dismissal available on PACER (citing *In re Julian Rochester*, No. 2:95-MC-001310-WBT (D.S.C. Jan. 29, 1996)). That order was subsequently modified to require that Rochester pay the full statutory filing fee in any future non-habeas civil actions. *Rochester v. Laubshire*, No. 6:12-CV-00236-RBH, 2012 WL 2805717, at *4 (D.S.C. July 10, 2012) (modifying pre-filing restriction order); *Rochester v. McKie*, No. 8:11-CV-0797-JMC-JDA, 2011 WL 2671306, at *3-4 (D.S.C. Apr. 13, 2011) (listing strikes), *R. & R. adopted*, No. 8:11-CV-0797-JMC, 2011 WL 2671228 (D.S.C. July 8, 2011); *Rochester v. U.S. Marshals*, 6:22-cv-01421-RBH (D.S.C. June 3, 2022).

The United States Court of Appeals for the Fourth Circuit and the United States Supreme Court have also imposed pre-filing injunctions on Rochester. *See In Re Rochester,* Nos. 11–1931 and 11–7088, 2012 WL 764443, at *3 (4th Cir. Mar. 12, 2012) ("In light of Rochester's utter disregard for the limited resources of this court, we order him to pay sanctions in the amount of $500, payable to the clerk of this court . . . . We also enjoin [him] from filing any civil appeal, petition, or motion in this court unless: (i) the sanctions are fully paid; and (ii) a district or circuit judge has certified that the appeal, petition, or motion is not frivolous."); *Rochester v. South Carolina,* 565 U.S. 804 (2011) ("As [Rochester] has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from

[Rochester] unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1.").

Likewise, courts in other districts have recognized that Rochester is barred by three strikes and dismissed his cases for failing to pay the filing fee. *See, e.g. Rochester v. Harwell*, No. 3:15-CV-308 (M.D. Tenn. Apr. 1, 2015) (finding Rochester was barred by three strikes), *appeal dismissed*, No. 15-5673 (6th Cir. Jan. 12, 2016); *Rochester v. Trump*, 9:20-CV-80700 (S.D. Fla. July 22, 2020) (adopting recommendation and finding Rochester barred by three strikes (citing *Rochester v. Bush*, No. 1:08-CV-00048-WBH (N.D. Ga. Jan. 23, 2008) (collecting prior three strike dismissals))).[1]

Upon review, Rochester claims in the instant case are not cognizable in a habeas action, and, to the extent he seeks mandamus relief or complains of civil rights violations, he is barred by the three-strike provision. Therefore, this action should be dismissed.

## II.   ANALYSIS

As noted, Rochester filing appears to be an end-run around the three-strike bar and filing restriction imposed by the District of South Carolina. Doc. 3 at 1. Even liberally construed, however, Rochester's pleading does not present a cognizable basis for federal habeas corpus relief. *See* 28 U.S.C. § 2254 (providing for federal habeas relief on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus,'" whereas "[a]n inmate's challenge to the circumstances of his confinement . . . may be brought under [42 U.S.C.] § 1983." *Hill v.*

---

[1] This is just a small sample of Rochester's cases available for review on PACER.

*McDonough*, 547 U.S. 573, 579 (2006) (citations omitted). In the instant suit, Rochester does not challenge his underlying conviction, but rather presents matters related to his confinement in the SCDC. Thus, his requests for habeas relief lacks substantive merit and is dismissed.

Alternatively, to the extent Rochester intends to assert a civil rights or mandamus action, he is barred by the three-strike provision of 28 U.S.C. § 1915(g) from bringing such action *in forma pauperis* ("IFP"). *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). Section 1915(g) also precludes prisoners from proceeding *in forma pauperis* in mandamus actions that arise from actions that are civil nature. *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (holding that if the underlying action is civil in nature, a mandamus action is governed by the three-strike provision).

As noted, Rochester accrued three strikes under § 1915(g) and is subject to filing restrictions that require him to pay the full, statutory filing fee. In this case, Rochester has neither paid the filing fee nor filed a motion to proceed *in forma pauperis*. And his complaint is wholly devoid of any allegation of imminent danger of serious physical injury. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Consequently, to the extent Rochester seeks leave to proceed *in forma pauperis*, he is barred from doing so under § 1915(g).

### III.  IMPOSITION OF SANCTIONS

The Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority," *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993), and sanctions may be appropriate when, as here, a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); Fed. R. Civ. P. 11(b)(2)&(c)(1) (authorizing sanctions against *pro se* litigants). *Pro se* litigants have "no license to harass others,

clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).

Because Rochester persists in filing frivolous and vexatious lawsuits around the country, this Court should honor the sanction previously imposed against him in the District of South Carolina and bar him from filing future actions in this Court without first paying the filing fee or obtaining leave of court to do so.

## IV. CONCLUSION

Accordingly, insofar as Rochester seeks leave to proceed *in forma pauperis*, this action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to Rochester refiling an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to him refiling this lawsuit with full payment of filing and administrative fees of $402.00.

Further, Rochester should be **BARRED** from filing <u>future</u> actions in this Court, without first paying the filing fee or obtaining leave of court to do so, and any case filed, removed, or transferred (in which he is the plaintiff) without the applicable filing fee or a motion for leave to file with a proposed complaint, should not be reviewed by the Court.

**SO RECOMMENDED** on August 19, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).